UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARIANO BARBOSA,

       Plaintiff,

  -v-                                         No. 16-CV-7340-LTS

CITY OF NEW YORK, et al.,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

       Plaintiff Mariano Barbosa ("Plaintiff" or "Barbosa") brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, and 28 U.S.C. §§ 2201 and 2202 against Defendants Salvatore Cassano, Robert G. Byrnes, James Leonard, James C. Hodgens, Andrew Dipadova, Philip P. Meagher, Michael J. Kavanagh, Cyrus Roberts Vance, Jr., Brian McDonald, Eric H. Hansen, Thomas G. Kane, and John and Jane Doe 1 through 10 (together, referred to as the "Individual Defendants"), and the City of New York ("the City") (together with Individual Defendants, "Defendants"). Plaintiff asserts that Defendants unlawfully detained him, coerced him into an involuntary confession, and maliciously prosecuted him in violation of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

       Before the Court are Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") and Plaintiff's motion for leave to file a Third Amended Complaint. (Docket Entry Nos. 44 and 51.)

       The Court has considered the parties' submissions carefully. For the following reasons, Defendants' motion to dismiss is granted without prejudice as to the Individual

Defendants and granted with prejudice as to the City. Plaintiff's motion for leave to file a Third Amended Complaint is denied.

BACKGROUND

Unless otherwise noted, the following facts are drawn from Plaintiff's Second Amended Complaint, the well-pleaded allegations of which are taken as true for purposes of this motion practice. In September 2013, Barbosa worked as the Fire Safety Director at the Yotel Hotel in Manhattan. (SAC ¶¶ 24-25; Docket Entry No. 50 at 3.) On September 8, 2013, the Fire Department of New York ("FDNY") responded to calls concerning two fires at the Yotel Hotel. (SAC ¶ 24.) Plaintiff was the only hotel employee working at the time. (Id. ¶ 26.)

On September 20, 2013, Barbosa met with Defendants Philip P. Meagher and Michael J. Kavanagh, both of whom were then fire marshals with the FDNY, "to review video footage of the hotel." (Id. ¶¶ 17-18, 26, 30-31.) This meeting turned into an interrogation during which Defendants Meagher and Kavanagh asked Barbosa questions "in an accusatory and heated manner."[1] (Id. ¶¶ 31-36.) During the course of the interrogation, Barbosa confessed to having set fires at the Yotel Hotel and the SoHo Grand Hotel on eight occasions. (Id. ¶ 2.) While Barbosa signed a form waiving his Miranda rights, he alleges that he was not informed of those rights until after he was in custody and had made his first admission of guilt. (Id. ¶¶ 45, 63.)

After he confessed, Barbosa was transported to the New York County District Attorney's Office ("NYDA"), where Defendant Brian McDonald, an assistant district attorney, took a videotaped statement from Barbosa. (Id. ¶¶ 20, 51.) Barbosa alleges that he "was again advised of his rights by ADA Brian McDonald," but that he "didn't understand those rights and

---

[1] Barbosa does not allege that any other Defendants were present for the interrogation at the fire marshals' office.

just agreed to them because [he] wanted to get out of there and didn't want to 'piss' anyone off." (Id. ¶ 52.)

Following his videotaped statement, Barbosa was arrested and arraigned on criminal charges of arson and criminal mischief for all eight fires. (Id. ¶ 65; see also Docket Entry No. 46 at 2.) However, on July 1, 2015, Plaintiff's confessions were suppressed and, on October 8, 2015, the NYDA dismissed the criminal case against Barbosa. (SAC ¶¶ 75, 79; Docket Entry No. 46 at 2.)

Plaintiff initiated this lawsuit on September 20, 2016 (Docket Entry No. 1), and amended his complaint as of a matter of course 17 days later to add Eric H. Hansen and Thomas G. Kane as defendants, and substitute Philip P. Meagher for Michael Meagher. (Docket Entry No. 12.) On June 28, 2017, Defendants moved to dismiss the Amended Complaint. (Docket Entry No. 31.) In response, Plaintiff moved to file a Second Amended Complaint (Docket Entry No. 36). After the Court granted Plaintiff's request by memo endorsement on August 4, 2017 (Docket Entry No. 37), Plaintiff filed his Second Amended Complaint, which added seven Individual Defendants and five causes of action. (Docket Entry No. 38.)

On October 31, 2017, six of the thirteen Defendants (City of New York, Philip P. Meagher, Michael J. Kavanagh, Eric H. Hansen, Thomas G. Kane, and John and Jane Doe 1 through 10) moved to dismiss Plaintiff's Second Amended Complaint in its entirety on the grounds that (i) some of Plaintiff's claims are time-barred, (ii) Plaintiff failed to timely serve the Individual Defendants, (iii) the Second Amended Complaint fails to state a claim upon which relief can be granted, and (iv) the Defendants are entitled to either absolute or qualified immunity. (Docket Entry Nos. 44 and 46.)

As with the first motion to dismiss, Plaintiff responded to Defendants' second motion to dismiss by requesting leave to amend his complaint for a third time. (Docket Entry No. 51.) In his Proposed Third Amended Complaint, Plaintiff seeks to (i) add two causes of action for "5th and 14th Amendment Procedural Due Process Deprivations of an FDNY License of the Plaintiff that was Revoked Without Notice or any Opportunity to be Heard under 42 U.S.C. § 1983 Against Individual Defendants," (ii) remove Defendant Eric H. Hansen, and (iii) add Defendant Maryana Chouchereba. (Docket Entry No. 70.)

## DISCUSSION

Defendants' Motion to Dismiss

When considering a Rule 12(b)(6) motion, the Court accepts as true all non-conclusory factual allegations in the complaint and draws all reasonable inferences in the Plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). To survive such a motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court is not, however, required to accept as true "conclusory statements" made by the plaintiff, nor do "legal conclusion[s] couched as [] factual allegation[s]" merit such deference. Twombly, 550 U.S. at 555.

*Failure to Serve the Individual Defendants*

Defendants argue that Plaintiff has not properly served the Individual Defendants under Rule 4 of the Federal Rules of Civil Procedure. (Docket Entry No. 46 at 10-13.) Rule 4(m) provides: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R.

Civ. P. 4(m).  The Court must extend the time for service "for an appropriate period" if the plaintiff shows good cause for his failure to serve.  Id.  "Good cause" is generally limited to "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."  Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks omitted).  "'An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause.'"  E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)).

Barbosa does not dispute that he has not served the Individual Defendants with a summons and complaint in this case, nor does he proffer a meritorious basis for granting an extension of time to properly serve those Defendants.  To the extent that Plaintiff attempts to explain his failure to serve by claiming that (i) Defendants refused timely service, (ii) service was proper under Rule 5(b) or 5(c) of the Federal Rules of Civil Procedure, or (iii) his failure was justified because he was "act[ing] in the interest of reducing the unnecessary litigation cost burdens on New York taxpayers" (see Docket Entry Nos. 50 at 8-11 and 77 at 3-5), the Court concludes that these explanations lack any factual or legal basis, and, therefore, do not constitute "good cause" under Rule 4(m).  Good cause is particularly lacking in this case, where Plaintiff has never requested leave to properly serve the Individual Defendants despite receiving notice of his insufficient process as early as January 3, 2017, and many times thereafter. (Docket Entry Nos. 16, 26, 33, 41, 46, and 66.)  Therefore, the Court concludes that Plaintiff is not entitled to a "good cause" extension of time to serve his complaint.

The Court's inquiry does not stop there, however.  Even if a plaintiff does not demonstrate good cause for the failure, the Court may nonetheless exercise its discretion to grant

an extension of time to serve.  Zapata v. N.Y.C., 502 F.3d 192, 196 (2d Cir. 2007).  Where, as in this case, dismissal without prejudice pursuant to Rule 4(m), in combination with the statute of limitations, may effectively result in a dismissal with prejudice, courts in this Circuit have examined four factors in determining whether a discretionary extension is warranted in the absence of good cause:  (i) whether any applicable statutes of limitations would bar the action once refiled; (ii) whether the defendants had actual notice of the claims asserted in the complaint; (iii) whether the defendants attempted to conceal the defect in service; and (iv) whether the defendants would be prejudiced by extending plaintiff's time for service.  Vaher, 916 F. Supp. 2d at 420.  These factors are not dispositive; "even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect." Id. at 421.

   The Court concludes that the balance of hardships do not clearly favor the Plaintiff and, thus, declines to exercise its discretion to grant an extension of time to serve the Individual Defendants pursuant to Rule 4(m).  First, the Court assumes for purposes of this Order that the statute of limitations will bar Plaintiff from refiling his claims against the Individual Defendants.  Second, many of the Individual Defendants do not have actual notice of the claims against them, as evidenced by the fact that only four of the eleven named Individual Defendants have moved to dismiss the complaint.  But, even assuming that the four Individual Defendants who join in the motion to dismiss do have actual notice of the claims against them, actual notice does not warrant a discretionary extension of time to serve under the circumstances of this case.  See Bogle-Assegai v. Conn., 470 F.3d 498, 508-09 (2d Cir. 2006) (finding that plaintiff, who was not a pro se litigant, and had "never attempted to remedy the defect by asking the district

court to extend her time to effect personal service" could not overcome improper service by showing that defendants had actual notice of the lawsuit).

Third, Defendants have not attempted to conceal the defect in service. To the contrary, the record shows that Defendants have repeatedly raised Plaintiff's defective service from the beginning of this case. (See Docket Entry Nos. 16, 26, 33, 41, 46, and 66.) Nonetheless, Plaintiff has not yet attempted to correct his error. Fourth, the Individual Defendants would be prejudiced by extending Plaintiff's time for service. "[E]xtending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants, especially where, as here, both the service period and the statute of limitations period have long since expired." Vaher, 916 F. Supp. 2d at 421. Plaintiff's time to serve the Individual Defendants with his Second Amended Complaint elapsed on November 16, 2017—90 days after he filed it, and over 300 days before the date of this Memorandum Order. And, presuming all of Plaintiff's claims (i) accrued on the date of his alleged interrogation and (ii) carry a three-year statute of limitations, those claims would have expired on September 20, 2016—over 700 days ago. Indeed, "the delay in this case was unusually lengthy and unreasonably prolonged by Plaintiff's lack of diligence." Id.

In light of these considerations, the Court concludes that "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect," Zapata, 502 F.3d at 198, and, therefore, an extension of time to serve is unwarranted in this case. Plaintiff's Second Amended Complaint is dismissed in its entirety as against the Individual Defendants without prejudice, notwithstanding the fact that the statute of limitations may bar Plaintiff from refiling his claims against them.

*Claims Against the City*

Plaintiff asserts four causes of action against the City of New York: two for municipal liability under 42 U.S.C. Section 1983 and two for declaratory relief under 28 U.S.C. Sections 2201 and 2202.

<u>Municipal Liability (Seventh and Eighth Causes of Action)</u>

Plaintiff alleges that the City is liable for "failure to train, failure to direct/adopt/maintain/implement adequate policies, failure to discipline under 42 U.S.C. § 1983," (Seventh Cause of Action) and for "failure to direct/adopt/maintain/implement adequate policies in breach of New York City Administrative Code Title 29, Chapter 2 2014 New York City Fire Code, Chapter 1 Administration Section FC 104.1 Under 42 U.S.C. § 1983" (Eighth Cause of Action). (SAC ¶¶ 145-60.)

To state a claim for municipal liability under Section 1983, a plaintiff must allege facts showing the existence of an official policy or custom causally related to a deprivation of his constitutional rights. See <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978). Evidence of a policy or custom may include a municipality's failure to provide adequate training or supervision of its agents, when that failure rises to the level of deliberate indifference. See <u>Bd. of Cnty. Commr's of Bryan Cnty., Okla. v. Brown</u>, 520 U.S. 397, 407 (1997). "Deliberate indifference" is a "stringent standard," which ordinarily requires the plaintiff to demonstrate "[a] pattern of similar constitutional violations by untrained employees." <u>Connick v. Thompson</u>, 563 U.S. 51, 61-62 (2011) (citing <u>Bryan Cnty.</u>, 520 U.S. at 409-10).

Plaintiff's Seventh Cause of Action must be dismissed for failure to state a claim. Nowhere in his 80-page SAC does Plaintiff offer a non-conclusory allegation regarding the existence of an injurious policy or custom. Nowhere in his SAC does Plaintiff allege that

Defendants' actions were part of a "pattern of similar constitutional violations." See Connick, 563 U.S. at 62. Plaintiff's allegation that "The City of New York has a policy, practice and/or custom through which its FDNY and NYDA employees are inadequately trained, directed, intervened, disciplined, supervised, and retained by inadequate policymakers, including, but not limited to, defendant policymakers" (SAC ¶ 150) is simply "a formulaic recitation of the elements of a cause of action" and does not provide a plausible factual basis for relief. See Twombly, 550 U.S. at 555.

Plaintiff alleges that the City "could have" adopted a formal policy that addressed Defendants' alleged misconduct, or administered various examinations and training exercises that would have prevented Plaintiff's injuries. (See SAC ¶ 151.) The allegation that the City "could have" adopted a policy to address Defendants' alleged misconduct implies an absence of official policy governing Defendants' actions. And to the extent that Defendants made a mistake that the City "could have" prevented through additional training programs, it must be the case that Defendants acted in contravention of any effective policy or custom (assuming that one existed). Thus, Plaintiff's allegations negate an essential element of municipal liability.

Plaintiff's Eighth Cause of Action, arising from an alleged breach of certain sections of the New York City Administrative Code, suffers from the same pleading deficiencies as the Seventh Cause of Action, discussed supra, and it must be dismissed for the additional reason that "a violation of state law is not cognizable under § 1983." Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985).

Accordingly, the Court concludes that Plaintiff fails to state a claim for municipal liability under Section 1983. His Seventh and Eighth Causes of Action are, therefore, dismissed with prejudice as against the City.

Declaratory Relief (Eleventh and Twelfth Causes of Action)

Plaintiff asserts claims for declaratory relief under 28 U.S.C. Sections 2201 and 2202, seeking "a declaratory judgment that Defendants, including . . . [the] City, violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.C.S. [sic] §§ 1983 and 1985(3)."  (SAC ¶¶ 181-84.)  Because "the Declaratory Judgment Act does not afford an independent basis for relief," Merco Prop., Inc. v. Guggenheimer, 395 F. Supp. 1322, 1326 (S.D.N.Y. 1975), and because Plaintiff failed to state a claim of municipal liability against the City, Plaintiff's Eleventh and Twelfth Causes of Action for declaratory relief against the City must be dismissed with prejudice.

Motion for Leave to Amend

Plaintiff moves for leave to file a Third Amended Complaint to (i) add a cause of action for "5th and 14th Amendment Procedural Due Process Deprivations of an FDNY License of the Plaintiff that was Revoked Without Notice or any Opportunity to be Heard under 42 U.S.C. § 1983 Against Individual Defendants," (ii) remove Defendant Eric H. Hansen, and (iii) add Maryana Chouchereba as a defendant.  (Docket Entry No. 70.)  In all other respects, the proposed Third Amended Complaint is not materially different from the Second Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires.  Fed. R. Civ. P. 15(a).  While granting or denying such leave is within the discretion of the district court, Reisner v. General Motors Corp., 511 F. Supp. 1167, 1171 (S.D.N.Y. 1981), leave to amend will generally be granted unless:  (i) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (ii) allowing amendment would cause undue

prejudice to the opposing party; or (iii) the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court denies Plaintiff's request for leave to amend for several reasons. First, Plaintiff has already amended his complaint twice in this case. (See generally Civil Case No. 16-7340 Docket.) Second, the undersigned's Individual Practice Rule 2(b)(iii) requires that, "[w]ithin seven (7) days after a motion pursuant to Rule 12(b)(6) or 12(c) is filed, the non-moving party must, by letter, filed on the ECF System, notify the moving party of its intent to amend the complaint as of right, make any request for leave to amend in response to the motion or state that it will file its opposition to the motion without further amendment." Plaintiff did not file a letter on the ECF System making a request for leave to amend after the motions addressed in this Memorandum Order were filed. (See generally Civil Case No. 16-7340 Docket.)

Third, Plaintiff has failed to prosecute this case diligently. For example, Plaintiff caused several months' delay by failing to sign a release allowing the City access to records necessary to fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure. (See Docket Entry Nos. 18 and 20.) Plaintiff also caused several months' delay by failing to file a memorandum of law in support of his motion for leave to amend, despite his obligations under the Local Rules of this District and despite several orders from the Court. (See Docket Entry Nos. 68 and 71; see also Local Civil Rule 7.1.) As discussed above, Plaintiff has still not served 11 of the 12 Defendants named in his Second Amended Complaint. Plaintiff's delay has been undue—he provides no reason for these deficiencies and delays.

Finally, Plaintiff's proposed Third Amended Complaint still fails to cure the previously-identified deficiencies. The Court's careful review of the changes made in Plaintiff's Proposed Third Amended Complaint demonstrates that Plaintiff failed to bolster the allegations

of the Second Amended Complaint; he instead proposes to add a new cause of action and a new defendant, and provides no reason for his failure to include the new claims in his prior complaints. Other than the entirely new cause of action, Plaintiff does not identify any new material facts that were not pleaded in the Second Amended Complaint. Therefore, the Court concludes that the circumstances of this case warrant denial of Plaintiff's motion for leave to amend, as Plaintiff has demonstrated undue delay, bad faith, dilatory motive, and repeated failures to cure the deficiencies of his complaint. Plaintiff's motion for leave to file his Proposed Third Amended Complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted without prejudice as to the Individual Defendants, and granted with prejudice as to Defendant City of New York. Plaintiff's motion for leave to file a Third Amended Complaint is denied. The Clerk of Court is respectfully requested to enter judgment and close this case.

This Memorandum Order resolves Docket Entry Nos. 44 and 51.

SO ORDERED.

Dated: New York, New York
September 26, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge